```
_X_ FILED      ___ LODGED
_X_ RECEIVED   ___ COPY

    AUG 2 2 2003

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Lynn Fallow, a married woman, ) | CV-02-1467-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Herbalife International, Inc., a Nevada ) corporation; Herbalife International of ) America, Inc., a California corporation; ) Herbalife International Distribution, Inc.; ) and Tonni and Jay Riley, husband and ) wife, ) | |
| Defendants. ) | |

Pending before this Court are (1) a Motion to Dismiss (Doc. #6-1) filed by Defendants Herbalife International, Inc., Herbalife International of America, Inc., and Herbalife International Distribution, Inc. ("Herbalife"), and (2) Defendants Tonni and Jay Riley's ("Rileys") Motion to Dismiss (Doc. #8-1). Both Motions are based on a failure to state a claim under Rule 12(b)(6) due to the claims being barred by *res judicata*. In addition, the Riley's also base their Motion to Dismiss on a lack of subject matter jurisdiction and a running of the statute of limitations. Also pending is Herbalife's Request for Judicial Notice (Doc. #7-1) and both Herbalife's and the Riley's Motions for Rule 11 Sanctions against Plaintiff Mary Fallow and her counsel (Docs. #9-1 & #13-1). In addition, the Rileys seek

attorneys' fees under A.R.S. § 12-349 (Doc. #8-2). Finally, Plaintiff has filed a Motion to Amend her Complaint to add an unjust enrichment claim against the Rileys. (Doc. #17-1).

**Background**

In April of 1984, Plaintiff entered into a distributorship agreement with Herbalife and her then-husband, Dan Fallow. (Doc. #2 at 3). On March 19, 1988, Herbalife reassigned any and all interest Dan Fallow possessed in Plaintiff's distributorship to Plaintiff. (*Id.*).

Sometime prior to 1990, the Rileys signed a distributorship contract with Herbalife and named Plaintiff as the sponsor and supervisor. (*Id.*). In 1990, the Rileys allegedly started a rival enterprise to compete with Herbalife, which was a violation of the terms of the distributorship agreement. (*Id.* at 4). Herbalife allegedly failed to take required action against the Rileys and Plaintiff suffered damages. (*Id.*).

In September 1994, Herbalife entered into an agreement with Dan Fallow of which Plaintiff was a third-party beneficiary. Herbalife allegedly agreed to delete the Riley distributorship and roll up the proceeds to Plaintiff in exchange for Dan Fallow performing services on behalf of Herbalife in Central and Eastern Europe. (*Id.*). However, after Dan Fallow satisfied his duties under the agreement, Herbalife allegedly failed to delete the Riley distributorship as agreed. (*Id.*).

In 1996, Plaintiff, her husband Dan Fallow, and Clint Fallow (Dan Fallow's adult son from a previous marriage), brought an action against Herbalife and the Rileys in Maricopa County Superior Court, Case No. CV-96-03558. (Doc. #6 at 3).[1] In that action, Plaintiff specifically sought past and future money damages, but she did not seek injunctive relief. (Ex. 1 at ¶¶ 94-95,119-125, p.26 ¶¶ 3-4; Ex. 22 at 2-3). Plaintiff alleged in count four that Herbalife breached its distributorship agreement with her by failing to remit to her all of the monies to which she was entitled due to the Riley's interference with Plaintiff's distributorship. (Ex. 1 at ¶¶ 119-122). In count five, Plaintiff alleged that Herbalife

---

[1] Although Plaintiff brought a tortuous interference and breach of contract claim against the Rileys, she voluntarily dismissed both claims against them at the final pretrial conference. (Ex. 2 at 3).

breached an oral agreement with Dan Fallow, of which Plaintiff was a third-party beneficiary, by failing to satisfy its obligation to delete the Rileys from Plaintiff's distributorship, assign the lineage to Plaintiff, and roll-up the related monies to Plaintiff. (*Id.* at ¶¶ 123-125). In this same action, Herbalife brought a declaratory relief counterclaim alleging in count twelve that Plaintiff had breached her agreement with Herbalife and asked the state court to declare the contract void. (Doc. #6 at 5).

On November 23, 1998, a jury returned verdicts in favor of Plaintiff on all of the above mentioned claims. (Doc. #2 at ¶ 31). The jury awarded Plaintiff damages of $620,000, which included $150,000 on count four for Herbalife's breach of Plaintiff's distributorship contract and $470,000 on count five for her claim as a third-party beneficiary to her husband's contract. (*Id.* at ¶ 32). The jury also found in favor of Plaintiff on Herbalife's counterclaim (count twelve), stating that she did not breach her contract with Herbalife. (*Id.*).

On January 26, 1999, Plaintiff filed an application for order to show cause requesting Herbalife to "account for and pay over to Mary Fallow the monies being held by Herbalife for royalties and bonuses earned since Herbalife unilaterally suspended her distributorship." (Ex. 9 at 3). The state court denied Plaintiff's application, finding that nothing could or should be done until final judgment was entered. (Ex. 10 at 2). Presiding Judge William J. Schafer also stated that "even if I were inclined to question whether she is owed anything, I think that issue is foreclosed by the jury's verdict awarding her damages for that period." (*Id.*).

On July 22, 1999, the state court entered a final judgment that required Herbalife to pay Plaintiff the sum of $620,000, which included $150,000 on count four for Herbalife's breach of Plaintiff's distributorship contract and $470,000 on count five for her claim as a third-party beneficiary to her husband's contract.. (Doc. #2 at ¶ 32.) As to count twelve of Herbalife's counterclaim, the court stated:

> The Court finds and declares with regard to Count Twelve of the Counterclaim that Mary Fallow has not breached her agreement with Herbalife and, therefore, Herbalife is obligated immediately to reinstate her to all the rights and privileges to which she is entitled as an Herbalife distributor and to pay her royalties, bonuses and other monies consistent with the terms of the distributorship agreement from and after November 23, 1998. (*Id.*).[2]

On December 22, 1999, Plaintiff filed a notice of appeal from portions of the July 22, 1999 judgment and November 22, 1999 supplemental judgment that were adverse to her. (Ex. 15). However, Plaintiff voluntarily abandoned her appeal on August 8, 2000. (Ex. 16).

After the judgment was entered, Herbalife issued a check to Plaintiff for $1,063,738.00.[3] On December 5, 2000, Plaintiff filed a satisfaction of judgment acknowledging that the judgment entered in Plaintiff's favor had been satisfied in full. (Ex.14).

On February 20, 2001, Plaintiff commenced suit in the United States District Court of Idaho seeking an accounting of the prior judgment and asking the district court to enforce the "unliquidated portion" of the previous judgment. (Ex. 17). Plaintiff argued that the judgment in the prior action consisted of both "liquidated" and "unliquidated" components and that Herbalife had still not satisfied the "unliquidated" aspects of the judgment. (*Id.*).

The district court dismissed Plaintiff's complaint with prejudice. (Ex. 18). In its May 25, 2001 order, the district court pointed out that Plaintiff's request for clarification and/or modification of the judgment entered in the prior action would require direct federal appellate review of a state court decision. (*Id.* at 5). The court concluded that district courts have no jurisdiction to undertake such review. (*Id.*).

On February 15, 2001, the Arizona Court of Appeals reversed and remanded an adverse judgment against Herbalife regarding two of their counterclaims against Dan Fallow

---

[2]November 23, 1998 was the date of the jury verdict.

[3]This amount includes a November 22, 1999 supplemental judgment awarded to Plaintiff for $279,000 in attorneys' fees and approximately $26,000 in costs.

for trademark infringement. (Ex. 19). This ruling did not affect any of the trial court judgments involving Plaintiff. However, Plaintiff used the new trial to again raise arguments concerning the November 23, 1998 jury award and July 22, 1999 judgment relating to her initial action. Plaintiff moved the new trial judge, the Honorable Pendelton Gaines, for an order to show cause. (Ex. 21). Plaintiff alleged that Herbalife was in contempt of the judgment in the prior action and asked the state court to grant her leave to conduct damages discovery and thereafter hold an evidentiary hearing to determine additional damages to which Plaintiff claimed to be entitled. (*Id.* at 10). Plaintiff argued that the November 23, 1999 jury award included only past damages on her claims against Herbalife (counts four and five). (*Id.* at 6-9). She further argued that the July 22, 1999 declaratory judgment made by Judge Foreman on Herbalife's counterclaim (count twelve) was a mandatory injunction requiring Herbalife to delete the Riley distributorship and roll-up the proceeds to Plaintiff. (*Id.* at 9-10). Judge Gaines rejected this argument and denied her motion for order to show cause. (Ex. 22). He held that the jury award contained both past <u>and</u> future damages and held that Judge Foreman's declaratory judgment was, as a matter of law, <u>not</u> an injunction. (*Id.* at 2-3) (emphasis added).

Plaintiff now brings another breach of contract claim against Herbalife and seeks a declaratory judgment against Herbalife and the Rileys.

## Discussion

I. **REQUEST FOR JUDICIAL NOTICE**

   A. **Herbalife's Legal Standard**

   Rule 201(b) of the Federal Rules of Evidence states (emphasis added):

   A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) <u>capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned</u>.

   On a motion to dismiss, a court may take judicial notice of facts outside the pleadings and may properly look beyond the complaint to matters of public record. *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *In re PETsMART, Inc.*, 61 F. Supp.

2d 982, 987 (D. Ariz. 1999); *see also MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (stating that "[o]n a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings"). As Defendants have correctly pointed out, the prior complaints and proceedings are a matter of public record. Thus, these records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**B.     Analysis**

Although Plaintiff objects to Herbalife's Request for Judicial Notice, she has not questioned the accuracy of any of the facts contained within these proceedings. In fact, Plaintiff incorporates some of these facts and proceedings into her First Amended Complaint. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994) (holding that material properly submitted as part of complaint may be considered on motion to dismiss); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (holding district court may consider documents referred to in complaint on motion to dismiss); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.), *cert. denied*, 525 U.S. 1001 (1998) (holding that district court may consider documents upon which complaint necessarily relies on motion for summary judgment). Specifically, Plaintiff incorporated her complaint from the prior proceeding and the jury verdict into her First Amended Complaint. (Compl. ¶¶ 28-32). In addition, the only case law Plaintiff offers in support of her objection is the Fifth Circuit case, *Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir. 1998). The Court agrees with Defendant that *Taylor* is distinguishable from this case and is not inconsistent with the above stated Ninth Circuit precedent holding that a court may take judicial notice of matters of public record outside the pleadings when deciding a motion to dismiss. Thus, the Court will grant Defendants' Request for Judicial Notice.

**II.     PLAINTIFF'S MOTION TO AMEND**

**A.     Legal Standard**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant a motion to amend depends on the following factors: (1) undue

1  delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of amendment; and
2  (5) whether the plaintiff has previously amended the complaint. *W. Shoshone Nat'l Council*
3  *v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). A motion for leave to amend is futile if it can
4  be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*,
5  785 F.2d 762, 766 (9th Cir. 1986).

**B.   Analysis**

Here, Plaintiff moves to amend her complaint to add an unjust enrichment claim against the Rileys. Plaintiff correctly sets out the elements of an unjust enrichment claim: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) absence of a remedy provided by law. *Laborers' & Operating Eng'rs Util. Agreement Health Welfare & Trust Fund for Ariz. v. Phillip Morris, Inc.*, 42 F. Supp. 2d 943, 951 (D. Ariz. 1999). However, to establish elements two through four, Plaintiff relies on issues and theories that are precluded by collateral estoppel. Because the motion to amend is futile as it would be defeated on motion for summary judgment, the motion should be denied.

Plaintiff argued in her motion for order to show cause before Judge Gaines that the November 23, 1998 jury award on her two claims against Herbalife involving a breach of contract and the Riley's distributorship (counts four and five) only included past damages and excluded future damages. (Ex. 21). She further argued that the July 22, 1999 declaratory judgment regarding count twelve of Herbalife's counterclaim was an injunction requiring Herbalife to delete the Riley distributorship and roll-up the proceeds into Plaintiff's distributorship. (*Id.* at 9-10). In Judge Gaines' minute entry dated July 12, 2002 regarding Plaintiff's Order to Show Cause, however, he held that the jury award included past <u>and</u> future profits. (Ex.22 at 2). In addition, he specifically found as a matter of law that the July 22, 1999 declaratory judgment was <u>not</u> a mandatory injunction, but merely a declaration of rights. (*Id.* at 2-3). He also noted that Plaintiff never sought injunctive relief in the original action and nothing in the state court's order or jury findings indicates that injunctive relief was awarded. (*Id.* at 2).

Although Judge Gaines clearly rejected Plaintiff's arguments in the previous proceeding, Plaintiff raises the same arguments in her pending Motion to Amend her First Amended Complaint. For example, to establish element two, Plaintiff alleges that she is impoverished because Herbalife failed to delete the Riley distributorship and provide Plaintiff with the associated proceeds as allegedly required by Judge Foreman's July 22, 1999 declaratory judgment regarding count twelve of Herbalife's counterclaim. To establish element three, Plaintiff claims that the connection between the Riley's enrichment and her impoverishment is that the monies from the Riley distributorship are not being rolled up to Plaintiff. And to establish element four, Plaintiff again relies on the July 22, 1999 declaratory judgment and alleges that there is an absence of justification for the enrichment and impoverishment because Herbalife was required to delete the Riley distributorship and roll up the proceeds.

As Defendants and Judge Gaines have already correctly pointed out, however, the July 22, 1999 <u>declaratory</u> judgment entered by Judge Foreman was <u>not</u> a <u>mandatory injunction</u> and Plaintiff has already been <u>fully</u> compensated for the breach of contract with Herbalife involving the Riley distributorship. Thus, any alleged impoverishment she has suffered has already been compensated for in the November 23, 1998 jury award.

Collateral estoppel, or issue preclusion, occurs when: (1) the issue to be litigated was actually litigated in a prior proceeding; (2) a final judgement was entered in the prior litigation; (3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the issue; (4) the party actually did litigate the issue; and (5) the issue was essential to a final judgment. *Circle K Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645 (Ariz. Ct. App. 1993); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (state law governs application of *res judicata* and collateral estoppel to state court judgment).

Here, the issue of a breach of contract involving the Riley distributorship has been fully litigated by Plaintiff and resulted in a final judgment in favor of Plaintiff. In addition, the issue of whether the previous judgment included a mandatory injunction or whether the jury award included past and future damages has also been fully litigated. As Judge Gaines

aptly stated, "there can be no further action in this case dealing with the Riley distributorship claims by Ms. Fallow against Herbalife arising out of its treatment of that distributorship." (Ex. 22 at 3). Because Plaintiff bases her unjust enrichment claim on claims and issues that have already been argued and decided, her claim is estopped and granting Plaintiff's Motion to Amend would be futile. Thus, the Court will deny the Motion.[4]

### III. DEFENDANTS' MOTIONS TO DISMISS[5]

#### A. Legal Standards

##### 1. Rule 12(b)(6) legal standard

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 813 (9th Cir. 1994) (citing *Buckley v. Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)); *see Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). The court must construe the facts alleged in the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the plaintiff must still meet the pleading requirements of Fed. R. Civ. P. 8. Under Rule 8, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, if the complaint fails to state a theory under which Plaintiff may recover, dismissal under Rule 12(b)(6) is appropriate.

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*,

---

[4]Although the Rileys further argue that the unjust enrichment claim is without merit because it does not meet the express contract requirement set out in *USLife Title Co. of Arizona v. Gutkin*, 732 P.2d 579, 585 (Ariz. Ct. App. 1986), the Court finds this argument unpersuasive. *See Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000). Moreover, the argument is moot because, as stated above, Plaintiff bases her unjust enrichment claim on theories and issues that have already been litigated and decided.

[5]The Rileys joined in Herbalife's Motion to Dismiss (Doc. #8).

1  901 F.2d 696, 699 (9th Cir. 1988); *see* William W. Schwarzer et al., *Federal Civil Procedure*
2  *Before Trial* § 9:187, at 9-46 (2002). Alternatively, dismissal may be appropriate when the
3  plaintiff has included sufficient allegations disclosing some absolute defense or bar to
4  recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the
5  pleadings establish facts compelling a decision one way, that is as good as if depositions and
6  other . . . evidence on summary judgment establishes the identical facts."); *see also Federal*
7  *Civil Procedure Before Trial* § 9:193, at 9-47.

        **2.   *Res judicata* and collateral estoppel legal standard**

9        State law governs the application of *res judicata* and collateral estoppel to a state court
10  judgment. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Marrese v. Am.*
11  *Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). In this case, the judgment sought
12  to be enforced is from Arizona. Accordingly, the law of Arizona will govern whether *res*
13  *judicata* and/or collateral estoppel applies. Additionally, the party seeking to assert
14  preclusion (*res judicata* or collateral estoppel) bears the burden of proving it. *See State*
15  *Compensation Fund v. Yellow Cab Co. of Phoenix*, 3 P.3d 1040, 1044, ¶14 (Ariz. Ct. App.
16  1999). Thus, Defendants have the burden of showing that all of the elements of *res judicata*
17  and/or collateral estoppel under Arizona law are present to bind Plaintiff to the previous
18  judgment of the state court.

19        In Arizona, *res judicata* will preclude a claim when a former judgment on the merits
20  was rendered by a court of competent jurisdiction and the matter now in issue between the
21  same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 977
22  P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S.
23  313, 323-24 (1971). As set forth above, collateral estoppel, or issue preclusion, occurs when:
24  (1) the issue to be litigated was actually litigated in a prior proceeding; (2) a final judgement
25  was entered in the prior litigation; (3) the party against whom the doctrine is to be invoked
26  had a full opportunity to litigate the issue; (4) the party actually did litigate the issue; and
27  (5) the issue was essential to a final judgment. *Circle K Corp. v. Indus. Comm'n of Ariz.*, 880
28  P.2d 642, 645 (Ariz. Ct. App. 1993). Under the doctrine of *res judicata*, a valid final

judgment is conclusive as to every issue decided and every issue raised by record that could have been decided. *Heinig v. Hudman*, 865 P.2d 110, 115 (Ariz. Ct. App. 1994); *accord Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (stating that "*res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action").

**B.   Analysis**

  **1.   Herbalife's Rule 12(b)(6) Motion to Dismiss**

    **a.   Plaintiff's breach of contract claim (Count One)**

A motion to dismiss may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch*, 119 F.3d at 783 ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts."). Here, Plaintiff has pled facts to support a breach of contract theory that is barred by *res judicata*. Thus, Plaintiff's First Amended Complaint itself supports Herbalife's Motion to Dismiss.

In Plaintiff's current breach of contract claim against Herbalife, she states that "Herbalife has breached its contractual obligation to Plaintiff described in the July 22, 1999 order" made by Judge Foreman. However, even based on a liberal interpretation of the alleged facts, Plaintiff bases her current breach of contract allegation on the same alleged facts she used in her breach of contract claims involving the Riley distributorship in her prior actions. (Compl. ¶¶ 17-27, 34, 39-45). As Defendants have correctly pointed out, this claim has already been fully argued and litigated in favor of Plaintiff. (Mot. to Dismiss at 1). Plaintiff has been fully compensated for the breach involving the Riley distributorship in the form of past <u>and</u> future money damages awarded by the jury. (Ex. 7). Thus, under Arizona law, Plaintiff's claim is barred by *res judicata* because: (1) a former judgment on the merits was rendered by a court of competent jurisdiction; (2) the matter now in issue is between the same parties; and (3) this issue was determined in the former action. *See Hall*, 977 P.2d at 779.

As stated earlier, Plaintiff argues that the damages she was awarded were only for <u>past</u> damages and that Judge Foreman's declaratory judgment is a <u>mandatory injunction</u> requiring Herbalife to cancel the Riley distributorship and roll-up the proceeds to Plaintiff. However, similar to her Motion to Amend, these claims have been fully litigated and are barred by *res judicata*. Regarding Plaintiff's prior breach of contract claim, she argued in her complaint and before the jury for monetary damages, not an injunction, and specifically requested past <u>and</u> future damages. (Ex. 1 at ¶¶ 94-95, 119-125, p.26 ¶¶ 3-4; Ex. 4). Furthermore, in the subsequent proceeding before Judge Gaines, he specifically held that the jury award Plaintiff received included past <u>and</u> future damages and further held that the declaratory judgement was <u>not</u> a mandatory injunction. (Ex. 22 at 2-3).

Plaintiff argues in her Response to Herbalife's Motion to Dismiss (Doc. #15) that her claims are not barred by *res judicata* because Herbalife's alleged actions are <u>new</u> breaches that have occurred after the final judgment in the prior proceeding. Although Plaintiff correctly cites case law in support of this contention and it is true that *res judicata* would not bar <u>new</u> breaches of contract, Plaintiff does not allege any facts in support of a "new" breach in her First Amended Complaint (Doc. #2). The only alleged breach in the First Amended Complaint relates to Herbalife not terminating the Riley distributorship and rolling up the proceeds to Plaintiff. However, as established earlier, the claims and issues related to Herbalife and the Riley distributorship have already been decided. Although Plaintiff alleges in her response that the claim is based on Herbalife continuing to withhold Plaintiff's distributorship income, the Court may not consider factual allegations made in response to a motion to dismiss. Absent specific exceptions, the Court will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Thus, the current factual allegations in the First Amended Complaint fail to state a claim upon which relief can be granted because the legal theory supported by the alleged facts is barred by *res judicata*. Accordingly, the Court will grant Herbalife's Motion to Dismiss Plaintiff's breach of contract claim (Count One).

### b. Plaintiff's declaratory judgment claim (Count Two)

#### i. legal standard

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must establish standing by showing "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002) (quoting *Md Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

#### ii. analysis

Similar to the facts alleged for the breach of contract claim and the proposed unjust enrichment claim, the declaratory judgment claim is completely based on claims and issues that have already been decided. For example, Plaintiff alleges that the controversy arises from Herbalife breaching its agreement with Dan Fallow and Plaintiff continuing to be damaged. (Compl. ¶¶ 39-42). However, this allegation has already been argued and decided in state court. Plaintiff received past <u>and</u> future damages for Herbalife's breach of the parties' contract. Again, Plaintiff is alleging facts that were fully argued and litigated in her prior actions against Herbalife. According to the Declaratory Judgment Act, the claim cannot be brought because there is no "substantial controversy" as the controversy alleged has already been resolved and the Court will dismiss Plaintiff's current breach of contract claim. *See* 28 U.S.C. § 2201. Thus, the Court will grant Herbalife's Motion to Dismiss Plaintiff's Declaratory Judgment claim (Count Two).

### 2. The Riley's Rule 12(b)(6) Motion to Dismiss

Because the Court will deny Plaintiff's Motion to Amend, the Riley's Motion to Dismiss pertains to the First Amended Complaint. Under Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, if a complaint fails to state a theory under which Plaintiff may recover, dismissal under Rule 12(b)(6) is appropriate.

Here, the Rileys have correctly pointed out that Plaintiff has not only failed to allege a claim upon which relief may be granted, but has failed to allege <u>any</u> claim against the

Rileys. Indeed, all of the alleged facts address the alleged wrongdoing on the part of Herbalife, not the Rileys. Thus, Plaintiff has failed to include any "plain statement" of a claim showing that she is entitled to relief against the Rileys. Thus, the Court will grant the Riley's Motion to Dismiss.

In addition, Plaintiff's declaratory judgment claim against the Rileys fails because the First Amended Complaint contains no alleged controversy between Plaintiff and the Rileys. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must establish standing by showing "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Scott*, 306 F.3d at 658. As the Rileys have correctly pointed out, the only alleged controversy that Plaintiff has alleged is a breach of contract controversy with Herbalife, which has already been adjudicated and is barred by *res judicata*.

Although Plaintiff continues to allege facts and issues related to Herbalife that have already been fully argued and adjudicated, she does not allege any case or controversy against the Rileys, nor does she state any claim upon which relief may be granted. In addition, the issue of the Riley's distributorship not being rolled up into Plaintiff's distributorship has been fully litigated and Plaintiff was fully compensated for this breach. Also, any alleged ambiguity related to the compensation has also been fully argued and litigated. Thus, the Court will grant the Riley's Motion to Dismiss.

### 3.  Herbalife's Motion for Rule 11 Sanctions

#### a.  legal standard

Fed. R. Civ. P. 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A "frivolous" filing is one that is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). Prior to filing a complaint, an attorney has a duty to conduct a reasonable factual investigation and to perform adequate legal research that confirms whether the theoretical basis of the complaint is "warranted by

existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986)); Fed. R. Civ. P. 11(b)(2). Where the record supports a complaint being barred by the *res judicata* or collateral estoppel effects of prior judgments, and a reasonable and competent inquiry would have led to the same conclusion, Rule 11 sanctions are justified. *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

**b.     analysis**

Defendant Herbalife argues that Plaintiff's claims are without merit because they are clearly barred by *res judicata* and a reasonable investigation would have revealed this bar. Plaintiff argues that her claims are not barred by *res judicata* because they involve "claims that did not exist at the time she filed her original action." (Doc. #15 at 17). She supports this argument by pointing out that both Judge Gaines and Defendant Herbalife's counsel "agreed that bringing a new cause of action, to address additional and continual breaches of contract by Herbalife, is appropriate." (*Id.* at 17-18).

Although it appears from the record that Judge Gaines and Herbalife's counsel did indeed agree that future breaches of contract actions could be brought, and Plaintiff is correct in stating that future breach of contract actions would not be barred by *res judicata*, Plaintiff does not base her current claim on any new breaches of contract. All of Plaintiff's alleged facts relate to the breach of contract relating to the Riley distributorship. Even though Plaintiff tries to argue that the damages she received were for past damages only and that Herbalife is required to delete the Riley distributorship and roll up the proceeds, this claim also has been decided. Judge Gaines found Plaintiff's same argument to be weak in the prior action before him. Plaintiff, however, attempts to make the same weak argument before this Court after it has already been rejected by a competent court. Such a filing is clearly "baseless" as it has already been argued and rejected and a "competent inquiry" would easily have revealed this. Thus, the Court finds that Plaintiff's First Amended Complaint is frivolous and Herbalife is entitled to sanctions under Rule 11.

4. **The Rileys' Motion for Rule 11 Sanctions**

The attorneys for the Rileys argue that they continually tried to determine what cause of action, if any, Plaintiff has against the Rileys. In addition, they argue that they continually warned Plaintiff that they would move for Rule 11 sanctions if Plaintiff continued with her suit. The Rileys allege that Plaintiff's sole reason for filing this action is to avoid an argument by Herbalife that the Rileys are "indispensable parties." Although Plaintiff's attorneys argue that they made a good faith effort to minimize the Riley's involvement in the case, the Rileys argue that the efforts came too late and after the Rileys had incurred attorneys' fees. The Rileys argue that Plaintiff's offer to dismiss the Rileys <u>without prejudice</u> was insufficient as Plaintiff has no valid claim against the Rileys and Plaintiff should have no opportunity to bother the Rileys with invalid claims in the future.

It appears that Plaintiff continues to try issues and claims that have already been argued and litigated. Although Plaintiff argues that Herbalife failing to delete the Riley distributorship is a "continuous" breach of contract, this argument was rejected by Judge Gaines when he ruled that Plaintiff's jury award was for past <u>and</u> future damages. Herbalife failed to delete the Riley distributorship, Plaintiff sued, Plaintiff won, and Plaintiff was compensated for past and future damages as a result of Herbalife's failure. In her First Amended Complaint, Plaintiff does not allege any facts related to a new breach of contract. Significantly, Plaintiff does not allege any facts that the Rileys have done anything wrong. Bringing the Rileys into a frivolous action and not making any claims against them is frivolous in itself. Thus, the Rileys are entitled to sanctions under Rule 11.

5. **The Rileys' Motion for Attorneys' Fees Pursuant to A.R.S. § 12-349**

According to A.R.S. § 12-349(A), a court has discretion to award attorneys' fees and expenses against a party or attorney if either does any of the following: (1) brings a claim without substantial justification; (2) brings an action solely for the purpose of harassment; (3) unreasonably expands or delays the proceedings; or (4) engages in discovery abuse. In this section, "without substantial justification" means that the claim or defense constitutes harassment, is groundless and is not made in good faith. A.R.S. § 12-349(F).

A.R.S. § 12-350 states that "[i]n awarding attorney fees pursuant to § 12-349, the court shall set forth the specific reasons for the award and may include the following relevant factors in its consideration: (1) the extent of any effort made to determine the validity of a claim before the claim was asserted; (2) the extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid; (3) the availability of facts to assist a party in determining the validity of a claim or defense; (4) the relative financial positions of the parties involved; (5) whether the action was prosecuted or defended, in whole or in part, in bad faith; (6) whether issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict; (7) the extent to which the party prevailed with respect to the amount and number of claims in controversy; and (8) the amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

The Rileys argue that Plaintiff has had ample opportunity to review the record of previous legal actions and disputes between Mrs. Fallow, Herbalife, and the Rileys, and yet still cannot state a claim against the Rileys in her First Amended Complaint. The Court agrees with the Rileys. Plaintiff has not only had ample opportunity to review the record, but the record has been pointed out to them by both Herbalife and the Rileys. In addition, Judge Gaines has assisted Plaintiff in "determining the validity" of the claim by denying the same weak argument Plaintiff again brings before this Court and spelling out the reasons for the order. For these reasons and the reasoning stated in the Motions for Sanctions pursuant to Rule 11 stated above, the Court will grant the Rileys' Motion for Attorneys' Fees Pursuant to A.R.S. § 12-349.

If Defendants wish to pursue attorneys' fees or Rule 11 sanctions, they may file a motion and supporting memorandum pursuant to Rule 2.20 of the Arizona Rules of Practice of the United States District Court for the District of Arizona.

/ / /

/ / /

## Conclusion

**IT IS THEREFORE ORDERED** that Defendants' Request for Judicial Notice (Doc. #7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. #17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Herbalife's Motion to Dismiss (Doc. #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Rileys' Motion to Dismiss (Doc. #8-1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Rileys' Motion Seeking Attorneys' Fees Pursuant to A.R.S. § 12-349 (Doc. #8-2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Herbalife's Motion for Sanctions Pursuant to Rule 11 (Doc. #9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Rileys' Motion for Sanctions Pursuant to Rule 11 (Doc. #13) is **GRANTED**.

DATED this 21 day of August, 2003.

James A. Teilborg
United States District Judge